IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID ANTHONY WIGGINS                    *

          v.                                    *     CIVIL ACTION NO. CCB-12-986

11 KEW GARDEN COURT, *et al*.            *
                                          ***

MEMORANDUM

On March 30, 2012, the court received for filing this fee-paid complaint seeking injunctive and declaratory relief. The cause of action alleges civil rights violations, naming as defendants real property and individuals, including Baltimore County District Court Administrative Judges and a Clerk.[1]  To review this cause of action, an examination of plaintiff's prior filings is in order.

On or about July 6, 2009, a "complaint and summons against tenant in breach of lease" was filed against Debra Carter and David Anthony Wiggins in the District Court for Baltimore City by Brian Eisenberg  On or about July 22, 2009, Carter and Wiggins filed a Notice of Removal seeking to remove the state court case to this Court.   *See Eisenberg v. Carter, et al.*, Civil Action No. WDQ-09-1972.  On July 29, 2009, the case was summarily remanded to the Baltimore City District Court, this court concluding that the federal court had no jurisdiction

---

[1]         On April 19, 2012, plaintiff filed an emergency motion for a temporary restraining order and for preliminary injunctive relief and emergency motion for a writ of attachment without bond.  ECF Nos. 2 & 3.  He reiterates the assertions in the complaint and relates anew the alleged state court actions involving promissory agreements between himself and Charles Rawlings involving the property at Kew Gardens Court; he states his disagreement with the decision of a state court judge which acts to evict him from the real property at issue; and he discusses the recent issuance of an eviction notice involving the "quick sale" of the Kew Gardens Court property.   ECF No. 2.  He seeks to enjoin the state court ruling for 90 days.  *Id*.  Wiggins asks the court to attach the Kew Gardens property.   ECF No. 3.  On April 23, 2012, defendants Russell, Vach, and Williams filed a motion to dismiss for lack of jurisdiction and failure to state a claim.  ECF No. 4.  They further filed a response in opposition to plaintiff's motion for temporary restraining order and for preliminary injunctive relief.  ECF No. 5.

over what was a simple state court landlord-tenant matter involving a breach of contract.

On January 20, 2012, plaintiff filed a fee-paid cause of action against the identical defendants named in the instant action, invoking this court's 28 U.S.C. §§ 1331, 1332, & 1367 jurisdiction.  *See Wiggins v. 11 Kew Gardens Court, et al*.,  Civil Action No. L-12-200.  Plaintiff alleged that defendants, chiefly among them Charles Rawlings, had failed to convey the real property in question at 11 Kew Garden Court to plaintiff, who as the alleged creditor in actual "peaceful possession" of the property, was entitled to same.  Plaintiff was ordered to amend his complaint to demonstrate the jurisdiction of this court over the matter. He did amend, and raised the identical constitutional claims raised here.  On March 27, 2012, the case was dismissed for lack of subject matter jurisdiction.[2] *See Wiggins v. 11 Kew Gardens Court, et al*., Civil Action No. L-12-200 at ECF No. 13.

On March 5, 2012, plaintiff and Deborah Carter sought to remove a breach of contract suit filed against them by Charles Rawlings in the District Court for Baltimore County, Maryland.  *See Rawlings v. Wiggins, et al*., Civil Action No. WDQ-12-699 (D. Md.).  On March 14, 2012, the court remanded the case to the District Court for Baltimore County, finding no jurisdiction over the matter.

The claims raised in the instant matter are similar.  David Anthony Wiggins has repeatedly attempted to file his contract/real property claims in this court, augmenting them with conclusory allegations of civil rights violations.  Upon review, the undersigned finds that plaintiff has failed to present a sufficient factual or legal basis for invoking a district court's civil rights jurisdiction.  *See House v. New Castle County,* 824 F.Supp. 477, 485 (D. De. 1993)

---

[2]        That case remains on appeal.

(finding plaintiff's conclusory allegations insufficient to maintain a § 1983 claim).  It is true that I am bound to liberally construe plaintiff's *pro se* complaint, but even a *pro se* plaintiff must do more than make mere conclusory statements to support a constitutional claim.  *Brown v. Zavaras,* 63 F.3d 967, 972 (10th Cir. 1995); *see Adams v. Rice,* 40 F.3d 72, 74–75 (4th Cir. 1994) (affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory and nonsensical on its face); *White v. White,* 886 F.2d 721, 723 (4th Cir. 1989) (same, where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion" of constitutional harm).  Plainly, as presented, Mr. Wiggins is again seeking to invoke federal jurisdiction over what appears to be an adjudicated state court landlord-tenant dispute.[3]

This is a court of limited jurisdiction.  Ordinarily, as to claims of alleged breach of contract, real property, or tortious conduct involving non-federal parties, it only has authority to review such claims pursuant to a federal district court's diversity of citizenship jurisdiction.  When a party seeks to invoke diversity jurisdiction under § 1332, he bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete.  *See Advani Enterprises, Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998).  The requirement of complete diversity of citizenship mandates that each plaintiff meet the diversity requirements

---

[3]     Even were the court to allow plaintiff's constitutional claims to proceed, defendants Williams, Russell, and Vach would also be entitled to immunity for actions taken in their judicial capacity or in carrying out judicial functions.  *See Mireles v. Waco,* 502 U.S. 9, 12-13 (1991); *see also Oliva v. Heller,* 839 F.2d 37, 40 (2d Cir. 1988) (agreeing with the district court that "for the purposes of absolute judicial immunity, judges and their law clerks are as one").  Absolute immunity "applies to all acts of auxiliary court personnel that are basic and integral part[s] of the judicial function, unless those acts are done in the clear absence of all jurisdiction."  *Sindram v. Suda,* 986 F.2d 1459, 1461 (D.C. Cir. 1993) (internal quotation marks omitted). This formulation "enables the immunity to operate where the need for liability in damages is low and the need for a backstop to judicial immunity high." *Id.* An action for damages against a clerk is "not necessary to control unconstitutional conduct in light of the numerous safeguards that are built into the judicial process, especially the correctability of error on appeal." *Id.* (internal quotation marks omitted).

as to each defendant.  *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989). "It is well established that diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all of those on the other."  *Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th Cir. 1988) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)).  As plaintiff and defendants reside in Maryland, the complaint does not satisfy diversity of citizenship requirements.

Plaintiff paid the filing fee.  Nonetheless, it is well established that a court has broad, inherent power *sua sponte* to dismiss an action, or part of an action, which is frivolous, vexatious, or brought in bad faith.  *See Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000) (concluding that district courts have the authority to dismiss frivolous complaint *sua sponte*, notwithstanding the payment of a filing fee); *Crowley Cutlery Co. v. United States*, 849 F.2d 273, 277 (7th Cir. 1988) (holding that a federal district judge has authority to dismiss a frivolous suit on her own initiative); *Brown v. District Unemployment Comp. Bd.*, 411 F. Supp. 1001, 1001–02 (D.D.C. 1975) (stating that a district court has inherent power to control the judicial process and dismiss frivolous or harassing action *sua sponte*). Therefore, this court has the discretion to dismiss a case at any time, notwithstanding the payment of any filing fee or any portion thereof, if it determines that the action is factually or legally frivolous.  The court finds that the instant matter is subject to dismissal.  A separate order effecting the rulings made in this memorandum is being entered herewith. In light of this decision, the motions for emergency relief will be denied.

Date:   April  30, 2012.                    _____/ s /_____
                                            Catherine C. Blake
                                            United States District Judge